547 P.2d 566
**In the Matter of John DOE, a Child, Appellant.**
**No. 2251.**

Court of Appeals of New Mexico.

Jan. 20, 1976.

Rehearing Denied Feb. 6, 1976.

Certiorari Denied March 15, 1976.

84

Theodore E. Lauer, Lauer & Lauer, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Don Montoya, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

The Children's Court denied John Doe's motion to suppress evidence taken from his person by officers. We granted an interlocutory appeal because of two search and seizure questions: (1) the plain view doctrine and probable cause; and (2) search incident to arrest.

*Plain View Doctrine and Probable Cause*

Detective Bruton and Officer Baker were dispatched to an elementary school "in reference to a vehicle in the parking lot, and student prowling". It was summer, the school was closed. Bruton found John Doe and at least one other person sitting against a door on the outside of the school. Bruton was talking to the children when Baker arrived. "They stated they had been over in this little hallway that goes into the building there, sitting. I [Baker] went over there . . . and I did notice some cigarette tobacco lying on the sidewalk, along with what appeared to be Marijuana and Marijuana Seeds. I went back and told Detective Bruton what I had found . . . ." John Doe had on a shirt "you could see through". Bruton saw a cigarette in the shirt pocket. It was a commercial brand cigarette. However, it was "twisted on the end, which indicated that something was taken out and put in." Bruton "reached in" and got the cigarette. This occurred approximately a minute after Baker brought the marijuana seeds to Bruton.

The Children's Court held that the cigarette taken from John Doe's shirt pocket was in plain view and lawfully seized. The application for the interlocutory appeal states: "The child challenges this finding on the ground that the cigarette did not appear to be contraband, or evidence or fruits of crime, and that the police may not seize an article or item which does not appear to be contraband, or evidence or fruits of a crime, prior to ar-

rest." This contention is based on the statement in *Coolidge v. New Hampshire*, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) that items may be seized under the plain view doctrine "only where it is immediately apparent to the police that they have evidence before them". No such contention was raised before the Children's Court. It will not be considered. N.M. Crim.App. 308. On the merits of this contention, see *State v. Miller*, 80 N.M. 227, 453 P.2d 590 (Ct.App.1969); *United States v. Williams*, 385 F.Supp. 1400 (D.C.E.D. Mich.1974); *United States v. Auterbridge*, 375 F.Supp. 418 (D.C.S.D.N.Y.1974).

■ The question before the Children's Court was whether "having seen the contraband, or what purported to be contraband, in a location where the Child had been, the Officer had the right and Constitutional authority to ram his hand into the pocket." Relying on *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), John Doe claimed it was constitutionally unreasonable "for a police officer to intrude into the privacy of an individual, prior to an arrest." In *Sibron*, supra, an officer had observed Sibron talking to a number of known narcotic addicts over a period of eight hours. The officer was ignorant of the contents of the conversations and had seen nothing pass between Sibron and the addicts. *Sibron*, supra, held that the fact that a person had talked to narcotic addicts did not support a reasonable inference of criminal traffic in narcotics. "Nothing resembling probable cause existed until after the search had turned up the envelopes of heroin."

In *Sibron*, supra, there was no probable cause for the search. Here there was. The probable cause was provided by Baker's observation of tobacco and marijuana seeds at a location where John Doe had been and Bruton's observation of a commercial cigarette which had been twisted at the end. As Bruton stated: ". . . by the tobacco being taken out, it is a good indication from anybody's standpoint, that

they have removed the tobacco and put the seeds in with the regular cigarettes."

*Search Incident to Arrest*

■ After seizure, the cigarette from the shirt pocket was examined. Baker testified that it appeared to be marijuana. John Doe was asked if he had anymore. John Doe answered in the negative. He was told to empty his pockets on the hood of the car. A "lid" of marijuana was in John Doe's left rear pocket.

John Doe claims that seizure of the lid of marijuana was the fruit of the unlawful seizure of the cigarette. Seizure of the cigarette was not unlawful. This contention is without merit.

John Doe also claims an unlawful seizure of the lid of marijuana because it occurred prior to the arrest of John Doe. The Children's Court ruled this seizure was pursuant to and incident to a lawful arrest. John Doe asserts this ruling is factually inaccurate because both Bruton and Baker testified the arrest occurred after John Doe emptied his pockets. He relies on the statement in *Sibron v. New York*, supra, that "an incident search may not precede an arrest and serve as part of its justification."

Testimony of the officers that the arrest occurred after seizure of the lid of marijuana does not require a ruling that an unlawful search and seizure occurred because not incident to arrest. Probable cause existed for an arrest after examination of the cigarette from the shirt pocket. The subsequent emptying of the pockets and the "formal" arrest were "substantially contemporaneous" events. See *Coolidge v. New Hampshire*, supra. There is no question that John Doe had been deprived of his freedom of movement prior to those two events. The Children's Court correctly ruled that the seizure of the lid of marijuana was incident to a lawful arrest. *State v. Garcia*, 83 N.M. 490, 493 P.2d 975 (Ct.App.1971).

The order denying the motion to suppress evidence is affirmed. The cause is

remanded to the Children's Court for further proceedings.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.