2007-NMCA-063

158 P.3d 1025

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Jerald WEIDNER, Defendant–Appellee.**

**No. 26,351.**

Court of Appeals of New Mexico.

April 12, 2007.

Gary K. King, Attorney General, James W. Grayson, Assistant Attorney General, Santa Fe, NM, for Appellant.

Arlon L. Stoker, Farmington, NM, for Appellee.

**OPINION**

SUTIN, Chief Judge.

{1} This case presents circumstances under which the warrantless seizure of drugs from a vehicle was permissible under two exceptions to the warrant requirement, exigent circumstances and search incident to arrest. An officer saw methamphetamine, clearly contraband, in plain view in a vehicle occupied only by the driver, Defendant Jerald Weidner. The officer therefore instantly had probable cause to believe that Defendant was committing a crime. The officer first seized the drugs from within the vehicle and then immediately arrested Defendant outside the vehicle. Because the drugs were within Defendant's reach and immediate control, and Defendant was in control of the vehicle and able to drive off, we hold that the seizure was justified under the exigent circumstances exception to the warrant requirement. Further, because the seizure and arrest were contemporaneous, and the methamphetamine was in Defendant's immediate control, we hold the seizure was justified as a search incident to arrest. We therefore reverse the district court's suppression of the drugs.

**BACKGROUND**

{2} Officers John Ahlm and Michael Graff stopped Defendant's vehicle because his vehicle was similar in description to one reported leaving the scene of a nearby robbery. Defendant was alone in the vehicle. Officer Graff approached the driver's side and asked Defendant for his license, registration, and insurance. Approaching the passenger side, Officer Ahlm "stood as a cover officer" and observed the encounter through the passenger window. When Defendant lowered his visor to retrieve his registration and insurance, Officer Ahlm saw a bindle of methamphetamine in an elastic band on the visor.

{3} Officer Ahlm testified that the Defendant quickly flipped the visor back up, in what appeared to the officer to be an attempt to conceal the methamphetamine. Officer Ahlm testified that "[t]he other officer clearly didn't see it by his demeanor.... I couldn't really tell him, 'hey, there's dope in the visor,' because that might not be prudent with [Defendant] sitting behind the wheel." Instead, Officer Ahlm opened the passenger door and told Defendant to hand him the methamphetamine and get out of the vehicle, and Defendant did as he was ordered. Officer Ahlm then went around to the driver's side of the vehicle and handcuffed Defendant.

The officer testified that, at the moment he saw the methamphetamine, he determined that he would arrest Defendant for possession of methamphetamine. The officer stated that, after handcuffing Defendant and reading Defendant his rights, the officer questioned Defendant about the methamphetamine, and sometime thereafter, Defendant was placed in the back of the officer's patrol car. The officer then called for a tow truck and inventoried Defendant's vehicle. The officer discovered paraphernalia behind the driver's seat during the inventory search.

{4} In the district court, the State relied on two exceptions to the warrant requirement, the plain view doctrine and the search incident to arrest doctrine. The court found that the officer entered the vehicle by reaching into the vehicle for the methamphetamine and the court concluded that the entry into the vehicle was a search. The court further concluded that the search was not justified because there were no exigent circumstances as required under Article II, Section 10 of the New Mexico Constitution in order to breach the plane of the vehicle and seize the methamphetamine without a warrant. In addition, the court found that the officer did not place Defendant under arrest when the officer told Defendant to hand him the methamphetamine. The court also concluded that the search incident to arrest doctrine did not apply. On appeal, the State argues that (1) the seizure of obviously illegal and incriminating evidence in plain view is reasonable under Article II, Section 10 and should be held to be lawful; (2) exigent circumstances should be presumed where obviously illegal drugs are in plain view and the driver is in control of the vehicle; and (3) the search incident to arrest exception to the warrant requirement allowed the seizure of the evidence.

## DISCUSSION

### Standard of Review

■ {5} A motion to suppress evidence presents a mixed question of law and fact. *State v. Garcia*, 2005–NMSC–017, ¶ 27, 138 N.M. 1, 116 P.3d 72. We review findings of fact for substantial evidence and review legal analysis de novo. *Id.* We review de novo whether the district court correctly applied the law to the facts, viewing the facts in the light most favorable to the prevailing party. *State v. Jones*, 2002–NMCA–019, ¶ 9, 131 N.M. 586, 40 P.3d 1030. "On appeal, we may review de novo the trial court's determination of exigent circumstances." *State v. Gomez*, 1997–NMSC–006, ¶ 40, 122 N.M. 777, 932 P.2d 1.

### The Evidence Was Admissible Under the Exigent Circumstances Exception to the Warrant Requirement

■ {6} Both the Fourth Amendment to the United States Constitution and Article II, Section 10 of the New Mexico Constitution require searches and seizures to be reasonable. *State v. Gutierrez*, 2004–NMCA–081, ¶ 6, 136 N.M. 18, 94 P.3d 18. Warrantless seizures are presumed to be unreasonable and the State bears the burden of proving reasonableness. *Jones*, 2002–NMCA–019, ¶¶ 11, 16, 131 N.M. 586, 40 P.3d 1030. In order to prove that a warrantless seizure is reasonable, the State must prove that it fits into an exception to the warrant requirement. *Id.* Recognized exceptions to the warrant requirement include exigent circumstances, searches incident to arrest, inventory searches, consent, hot pursuit, open field, and plain view. *State v. Duffy*, 1998–NMSC–014, ¶ 61, 126 N.M. 132, 967 P.2d 807. Exigent circumstances are defined as "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *Gomez*, 1997–NMSC–006, ¶ 39, 122 N.M. 777, 932 P.2d 1 (internal quotation marks and citation omitted). In New Mexico, exigent circumstances are not presumed; instead, our State Constitution requires a warrantless seizure of evidence from within a vehicle to be justified by a particularized showing of exigent circumstances. *See Garcia*, 2005–NMSC–017, ¶ 29, 138 N.M. 1, 116 P.3d 72; *Gomez*, 1997–NMSC–006, ¶¶ 35, 39, 44, 122 N.M. 777, 932 P.2d 1; *accord Jones*, 2002–NMCA–019, ¶¶ 13, 15–16, 131 N.M. 586, 40 P.3d 1030.

{7} The Supreme Court's cases of *Garcia*, 2005–NMSC–017, 138 N.M. 1, 116 P.3d 72, and *Gomez*, 1997–NMSC–006, 122 N.M. 777,

932 P.2d 1, and this Court's case of *Jones,* 2002–NMCA–019, 131 N.M. 586, 40 P.3d 1030, form the cornerstone of New Mexico law where an officer, who is not lawfully already in a vehicle, seizes, without a warrant, an object in the vehicle. It is these cases that controlled the district court's suppression of the evidence in the present case. In *Garcia* and *Gomez,* our Supreme Court rejected the federal automobile exception which is based, in part, on the view that the inherent mobility of vehicles creates exigent circumstances, and which allows a warrantless seizure of an object in an automobile without having to make a particularized showing of exigent circumstances. *See Garcia,* 2005–NMSC–017, ¶ 29, 138 N.M. 1, 116 P.3d 72; *Gomez,* 1997–NMSC–006, ¶¶ 34, 35, 39, 44, 122 N.M. 777, 932 P.2d 1.

{8} In *Gomez,* the officer encountered the defendant when he responded to a report of a "party disturbance." 1997–NMSC–006, ¶¶ 4–5, 122 N.M. 777, 932 P.2d 1. The defendant was sitting in the passenger seat of a vehicle and when he saw the officer he began moving about frantically, got out of the vehicle, locked the door, and started to shut it before the officer stopped him and arrested him. *Id.* ¶¶ 5–6. After the defendant was secured in the patrol car, the officer looked inside the vehicle and saw marijuana and paraphernalia on the seat, console, and floorboard. *Id.* ¶ 6. The officer then opened the door, and searched the vehicle and a fanny pack inside the vehicle, in which he found illegal drugs, and seized all of the items he found. *Id.* The officer testified that the activities of the officers at the scene had drawn the attention of up to one hundred onlookers and he did not believe that the car would be secure or remain at the scene if he locked it while he went to get a warrant. *Id.* ¶ 8. Further, he did not believe that "other officers at the scene could pay attention to the car while dealing with developing problems and with what easily could have turned into a hostile crowd." *Id.* Finally, the officer did not know when he could get a tow truck to the scene. *Id.*

{9} The Court in *Gomez* held that, under an objective test of reasonableness, the officer's judgment that an exigency existed which required him to search the vehicle before getting a warrant because the evidence might be removed or destroyed was reasonable. *Id.* ¶¶ 40–42. The Court also stated that "[i]f reasonable people might differ about whether exigent circumstances existed, we defer to the officer's good judgment." *Id.* ¶ 40.

{10} In *Garcia,* the officers observed a vehicle drive through a gas station parking lot at a very low rate of speed and believed something was amiss because the vehicle had a dealer demonstration tag but it was after dealership business hours. 2005–NMSC–017, ¶ 2, 138 N.M. 1, 116 P.3d 72. The officers stopped the vehicle, at which point the defendant, who was the passenger in the vehicle, stepped out of the vehicle, slouched against the side of the vehicle hiding the right side of his body from view, and aggressively stared at one of the officers. *Id.* At this, the officer "drew his weapon at a low, ready position." *Id.* Eventually, upon the officer's repeated commands, the defendant returned to the vehicle. *Id.* After running a records check on the driver and the defendant, the officers returned to the vehicle to issue a citation to the driver for not having vehicle registration or insurance. *Id.* ¶¶ 3–4. However, upon approaching the vehicle, one of the officers saw a gun in a holster protruding from under the rear of the passenger seat when he looked through the passenger side window. *Id.* ¶ 4. At that point, the officers removed the occupants from the vehicle, "patted them down for weapons, handcuffed and detained them." *Id.* One of the officers then seized the gun, an open beer bottle he discovered lying next to the gun, and a loaded ammunition clip that he saw on the passenger seat after the passenger exited the vehicle. *Id.* The defendant was charged with being a felon in possession of a firearm and having an open container of alcohol. *Id.* ¶ 5, 116 P.3d 72.

{11} The Court in *Garcia* held that the search of the car and the seizure of the gun, which was in plain view, was justified. *Id.* ¶ 32. The weapon was seen in plain view by the officer when he was outside the vehicle in a location where he was lawfully entitled to be. *Id.* ¶ 29. In addition, exigent circum-

stances were present because there was evidence upon which an officer might reasonably conclude that the occupants were armed and dangerous. *Id.* ¶¶ 31–32. The exigent circumstances were that the defendant had initially acted aggressively toward the officer and refused to return to the vehicle given the officer's first request, and that the officer had initially felt it necessary to draw his weapon in response to these actions. *Id.* ¶ 32. The Court stated that these facts justified a "reasonable, *limited* search of the car for weapons, even after the suspects" were handcuffed and in the backseat of a patrol car. *Id.* Significantly, the Court also stated that exigent circumstances can be found from facts known to the officer even though the officer did not expressly state that the facts created urgency. *See id.* ¶ 33. Specifically, the Court stated that:

> Although [the officer] searched the car under the mistaken belief that the plain view doctrine permitted him to do so, … [w]e may uphold a search or seizure if the facts known to the officer, viewed objectively, would provide valid constitutional grounds for the officer's actions, even though the officer subjectively relied on a legally insufficient theory.

*Id.*

{12} In *Jones,* an officer approached the defendant's parked car after getting a tip about a suspicious parked vehicle in an area in which there had been a string of burglaries. 2002–NMCA–019, ¶ 2, 131 N.M. 586, 40 P.3d 1030. Upon approaching the defendant, the officer recognized him as having past involvement with narcotics. *Id.* ¶ 3. The officer asked the defendant to step out of his vehicle and performed a patdown search for weapons. *Id.* After finding no weapons, the officer asked for and was denied consent to search the defendant's vehicle. *Id.* ¶¶ 3–4. The officer then shined his flashlight inside the vehicle and saw the plunger end of a hypodermic needle. *Id.* ¶ 5. After arresting the defendant based on seeing the syringe, the officer reached into the vehicle and seized the syringe. *Id.* The officer moved a towel in the process, and found and seized a package of cocaine from under the towel. *Id.*

{13} In *Jones,* the State did not argue that any exigent circumstances existed, but rather relied on the argument that plain view alone was sufficient to justify the seizure of the evidence. *Id.* ¶¶ 10, 16–17. This Court determined that the State had not set forth any "facts in its brief-in-chief indicating that it argued to the trial court that exigent circumstances, or any other applicable exception to the warrant requirement, existed which would justify the warrantless seizure of evidence from [the d]efendant's automobile." *Id.* ¶ 16. We held that the State failed to prove that an applicable exception to the warrant requirement existed, *id.,* including, in particular, exigent circumstances, and that the State thus failed to justify the seizure under Article II, Section 10 of the New Mexico Constitution. *Id.* ¶¶ 14, 17. We further stated that the rule requiring a showing of an applicable exception to the warrant requirement applied "even though the evidence may be in plain view through an open window." *Id.* ¶ 17.

{14} The facts of the present case differ significantly from those in *Garcia, Gomez,* and *Jones.* In those three cases, the search or seizure occurred after the defendant was out of the vehicle. There existed no indication that the defendants in those cases could reach the item at issue. Yet, despite the fact that the defendants in *Garcia* and *Gomez* were handcuffed and in a patrol car at the time of the searches, our Supreme Court nonetheless held that the searches or seizures were reasonable because exigent circumstances existed. *Garcia,* 2005–NMSC–017, ¶¶ 28, 32–33, 138 N.M. 1, 116 P.3d 72; *Gomez,* 1997–NMSC–006, ¶ 41, 122 N.M. 777, 932 P.2d 1.

{15} The State argues that in the present case, exigent circumstances existed justifying the seizure of the methamphetamine, given that Defendant was still in the vehicle, which could have been driven away, and that he could easily access the methamphetamine, which was within arm's reach. We find this argument persuasive. The exigency in the present case is stronger than it was in *Garcia* or *Gomez,* because in this case Defendant was still behind the steering wheel and within arm's reach of the metham-

phetamine. Defendant even attempted to conceal the methamphetamine by quickly flipping up the visor. Officer Ahlm testified that he did not believe it would be prudent to tell the other officer about the methamphetamine, as opposed, it appears, to immediately seizing it himself, because Defendant was still sitting behind the steering wheel of the vehicle. The officer was relying on more than just the inherent mobility of the vehicle in acting to seize the contraband. He was also relying on the fact that Defendant was in a position to operate the vehicle, and thereby evade the officers and remove or destroy the evidence. While the inherent mobility of the vehicle itself, alone, did not give rise to the exigency in this case, the fact that Defendant was still sitting behind the wheel of the vehicle supports the existence of the requisite exigency. *See Gomez*, 1997–NMSC–006, ¶ 44, 122 N.M. 777, 932 P.2d 1 (noting that in most cases involving an automobile there may be an exigency, but requiring a case-by-case analysis of whether the exigency exists).

{16} *Garcia* and *Gomez* are compatible with the present case. Under *Garcia*, we are to consider the objective facts known to the officer at the time of the seizure, even though the officer may not articulate the facts as creating a particular urgency. *Garcia*, 2005–NMSC–017, ¶ 33, 138 N.M. 1, 116 P.3d 72 ("We may uphold a search or seizure if the facts known to the officer, viewed objectively, would provide valid constitutional grounds for the officer's actions, even though the officer subjectively relied on a legally insufficient theory."). Under *Gomez*, "[i]f reasonable people might differ about whether exigent circumstances existed, we defer to the officer's good judgment." 1997–NMSC–006, ¶ 40, 122 N.M. 777, 932 P.2d 1. We find it especially significant that our Supreme Court in *Gomez*, while it held that a particularized showing of exigent circumstances was necessary, stated the following in virtually the same breath when giving reason for departing from federal precedent.

> Quite simply, if there is no *reasonable* basis for believing an automobile will be moved or its search will otherwise be compromised by delay, then a warrant is required. While it may be true that in most

cases involving vehicles there will be exigent circumstances justifying a warrantless search, we do not accept the federal bright-line automobile exception.

*Id.* ¶ 44.

{17} In the present case, the officer's testimony in support of the seizure of the methamphetamine referred to Defendant as sitting behind the wheel of the vehicle. The officer testified that it would not have been prudent to tell the officer on the driver's side about the methamphetamine. The officer knew the methamphetamine was within Defendant's reach. Based on the objective facts known to Officer Ahlm at the time of his seizure of the methamphetamine, and because reasonable people might differ about whether exigent circumstances existed, we defer to the officer's good judgment. We conclude the present case falls within the majority of cases anticipated in *Gomez* in which "there will be exigent circumstances justifying a warrantless search." *Id.* We uphold the seizure as lawful under the exigent circumstances exception to the warrant requirement. The objective facts and the officer's subjective view of the circumstances combine to provide valid constitutional grounds for the officer's actions.

### The Evidence Was Also Admissible Under the Search Incident to Arrest Exception

{18} The State has the burden of proving that the warrantless search was lawful under the search incident to arrest exception. *See Gutierrez*, 2004–NMCA–081, ¶ 6, 136 N.M. 18, 94 P.3d 18. The State meets this burden if it proves that "the search occurs as a contemporaneous incident to the lawful arrest of the defendant and is confined to the area within the defendant's immediate control." *Id.* ¶ 11 (internal quotation marks and citation omitted); *accord State v. Martinez*, 1997–NMCA–048, ¶ 6, 123 N.M. 405, 940 P.2d 1200. Under the search incident to arrest exception, we recognize that "a person arrested might be concealing a weapon, or that evidence of the crime might be destroyed or concealed." *State v. Arredondo*, 1997–NMCA–081, ¶ 27, 123 N.M. 628, 944 P.2d 276 (internal quotation marks and citation omit-

ted), *overruled on other grounds by State v. Steinzig*, 1999–NMCA–107, 127 N.M. 752, 987 P.2d 409.

{19} This Court has stated that even if a search occurs before the formal arrest, the search is lawful as long as "the fruits of the search were not necessary to justify the arrest" and "the formal arrest followed quickly on the heels of the challenged search." *State v. Ortega*, 114 N.M. 193, 198, 836 P.2d 639, 644 (Ct.App.1992) (internal quotation marks and citation omitted), *aff'd*, 117 N.M. 160, 870 P.2d 122 (1994); *see also In re Doe*, 89 N.M. 83, 85, 547 P.2d 566, 568 (Ct.App.1976) (holding that seizure of the evidence, which was produced when the officers asked the defendant to empty his pockets, was justified under the search incident to arrest doctrine even though the search occurred before the formal arrest because the officer had probable cause to arrest the defendant prior to the search); 3 Wayne R. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 5.4(a) (4th ed.2004) (approving of the rule stated in *Rawlings v. Kentucky*, 448 U.S. 98, 111, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980), that a search incident to arrest is valid "where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, ... so long as the fruits of the search were not necessary to support probable cause to arrest" (internal quotation marks and footnote omitted)).

{20} The State proved the elements of the search incident to arrest exception in the present case. Upon seeing the methamphetamine, the officer had probable cause to believe that Defendant was committing the crime of possession of methamphetamine and thus was justified in arresting Defendant. The formal arrest followed immediately after the seizure of the methamphetamine. Thus, the requirements for a contemporaneous search, or as in this case, seizure and arrest, were met. *See Ortega*, 114 N.M. at 198, 836 P.2d at 644. The requirement that the search be of the area within Defendant's immediate control was also met. *See Arredondo*, 1997–NMCA–081, ¶ 27, 123 N.M. 628, 944 P.2d 276. The methamphetamine, being on the visor where Defendant was reaching, was clearly in an area

within Defendant's immediate control and was subject to removal or destruction because, if for no other reason, Defendant was in a position to drive away.

{21} Defendant appears to contend that the search incident to arrest exception requires some exigency greater or different than that required in *Arredondo*, in arguing that under *Garcia, Gomez*, and *Jones* the State must obtain consent or prove exigent circumstances when a warrantless search or seizure is based on a search incident to arrest exception. While we have already held that exigent circumstances existed in this case, we believe it is necessary to clarify that the existence of exigent circumstances is not required to justify a search or seizure under the search incident to arrest exception to the warrant requirement. Exigent circumstances and search incident to arrest are two among several exceptions to the warrant requirement. *See Duffy*, 1998–NMSC–014, ¶ 61, 126 N.M. 132, 967 P.2d 807 (listing the exceptions to the warrant requirement). The search incident to arrest theory was not discussed in *Garcia* or *Gomez*, both of which focused on exigent circumstances. The only exception to the warrant requirement expressly addressed in *Jones* was the State's contention that the plain view of the syringe was sufficient to permit its seizure. 2002–NMCA–019, ¶ 10, 131 N.M. 586, 40 P.3d 1030. We do not read these cases as requiring, in support of a search incident to arrest, any separate exigent circumstances requirement or analysis beyond that which is stated in *Arredondo*.

{22} In *Arredondo*, the *Gomez* exigent circumstances exception and the search incident to arrest exception were separately considered. *See Arredondo*, 1997–NMCA–081, ¶¶ 22–29, 123 N.M. 628, 944 P.2d 276. An officer pulled the defendant over because his vehicle matched the description of a vehicle used in a nearby assault with a handgun. *Id.* ¶¶ 2–3. The officer removed the defendant from the vehicle and searched the floorboard for weapons which may have been used in the assault and instead found marijuana. *Id.* ¶ 6. The officer later returned to the vehicle and looked through a small hole in the dashboard and discovered cocaine. *Id.* ¶ 7. This

Court held that the search for weapons was justified under the exigent circumstances exception to the warrant requirement because the officer had reason to believe that the defendant was armed and dangerous based on the tip regarding a similar vehicle involved in an assault with a handgun. *Id.* ¶¶ 16–17, 19. However, we held that the later search revealing the cocaine was not justifiable under the exigent circumstances or the search incident to arrest exceptions. *Id.* ¶¶ 23, 26, 27–29.

{23} In addressing the later search, pursuant to which the cocaine was discovered, we made it clear in *Arredondo* that the test for whether a search is justified under the search incident to arrest exception was whether the State proved "that the search occurs as a contemporaneous incident to the lawful arrest of the defendant and is confined to the area within the defendant's immediate control." *Id.* ¶ 27. We indicated that the rationale underlying the control requirement was concern about the danger of concealment of weapons or destruction of evidence. *Id.* In regard to drugs, this rationale emits a sense of preventative need coupled with urgency created because drugs are within the immediate control of a person arrested.

{24} The seizure of drugs within the immediate control of a driver of a vehicle who is sitting behind the wheel and able to drive away, together with the contemporaneous arrest of the driver once he is removed from the vehicle, satisfies the requirements and permits the application of the search incident to arrest exception to the warrant requirement. Under the circumstances of this case, we see no basis on which to conclude that the seizure of the methamphetamine with the contemporaneous arrest of Defendant was unreasonable or unlawful under *Garcia, Gomez,* or *Jones.*

**Cautionary Note**

{25} We wish to make it clear that our holding in the present case should not be construed to mean that, based on similar circumstances, the exigent circumstances and search incident to arrest exceptions to the warrant requirement can be applied to justify a generalized warrantless search of a vehicle for drugs. *See Arredondo,* 1997–NMCA–081, ¶¶ 23–29, 123 N.M. 628, 944 P.2d 276 (refusing to apply the exigent circumstances and search incident to arrest exceptions to justify the search for drugs after the officer noticed a hole in the dashboard, following a lawful intrusion into the vehicle to search for weapons). We do not by any means intend to "abandon[ ] our constitutional moorings and float[ ] to a place where the law approves of purely exploratory searches of vehicles during which officers with no definite objective or reason for the search are allowed to rummage around in a car to see what they might find." *United States v. McLaughlin,* 170 F.3d 889, 894 (9th Cir.1999) (Trott, J., concurring).

**The Drug Paraphernalia**

{26} The officer in this case also found drug paraphernalia, stating that he found it while inventorying the vehicle. The court made no explicit findings or conclusions relating to the paraphernalia. Given our reversal of the suppression of the methamphetamine, we allow Defendant to renew his motion to suppress only with respect to the paraphernalia.

**CONCLUSION**

{27} We reverse the suppression of the methamphetamine and remand for further proceedings consistent with this opinion.

{28} **IT IS SO ORDERED.**

WE CONCUR: CYNTHIA A. FRY and CELIA FOY CASTILLO, Judges.