This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.                                                    **NO. 29,876**

**GREGORY KETELSON,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Gary K. King, Attorney General
James W. Grayson, Assistant Attorney General
Santa Fe, NM

for Appellant

Hugh W. Dangler, Chief Public Defender
Nancy M. Hewitt, Appellate Defender
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

The State appeals from the district court's suppression ruling. The notice proposed to affirm and the State filed a timely memorandum in opposition. We remain unpersuaded by the State's arguments and therefore affirm.

The State continues to argue that the district court erred in granting Defendant's motion to suppress. **[DS 5-6; RP 83]** "In reviewing a trial court's denial of a motion to suppress, we observe the distinction between factual determinations which are subject to a substantial evidence standard of review and application of law to the facts[,] which is subject to de novo review." *State v. Nieto*, 2000-NMSC-031, ¶ 19, 129 N.M. 688, 12 P.3d 442 (internal quotation marks and citation omitted). "We view the facts in the manner most favorable to the prevailing party and defer to the district court's findings of fact if substantial evidence exists to support those findings." *State v. Urioste*, 2002-NMSC-023, ¶ 6, 132 N.M. 592, 52 P.3d 964.

We begin with a recitation of the relevant facts as determined by the judge. **[RP 81]** *See id.* (recognizing that, in reviewing a motion to suppress, we defer to the district court's factual findings so long as substantial evidence exists to support those findings). Defendant was a front-seat passenger in a vehicle that was stopped for a routine traffic violation. **[RP 81; MIO 2]** During the stop, an officer observed in plain view a firearm laying partly under the back-seat passenger seat. **[RP 81; MIO 2]** Defendant was asked to step out of the vehicle, and an officer seized the firearm.

**[RP 81; MIO 2]** At the time the firearm was seized, both Defendant and driver had exited the vehicle. **[RP 81; MIO 2]** After the firearm was seized, Defendant signed a consent form for the search of the vehicle, wherein he admitted that the firearm belonged to him. **[RP 81; MIO 2]** At the time officers seized the firearm, they did not yet know that Defendant was a convicted felon. **[RP 81]** The district court additionally determined that Defendant and driver were at all times cooperative and created no apparent threat or imminent danger to life or serious damage to property **[RP 82]**, and that there was no threat that evidence would be tampered with or destroyed. **[RP 82]**

Case law provides that, even when an object is in plain view, officers may not enter a vehicle and seize the object without a warrant, absent exigent circumstances or some other exception to the warrant requirement. *See State v. Bomboy*, 2008-NMSC-029, ¶ 17, 144 N.M. 151, 184 P.3d 1045. In the present case, as discussed below, there was no proper basis upon which to justify the warrantless seizure of the firearm.

Relevant to the inquiry of whether exigent circumstances existed, the district court determined that driver and Defendant were cooperative and created no apparent threat or imminent danger. **[RP 82]** *Cf. State v. Garcia*, 2005-NMSC-017, ¶¶ 31-32, 138 N.M. 1, 116 P.3d 72 (holding that exigent circumstances justified warrantless

seizure of the gun in plain view in the vehicle because the defendant acted aggressively toward the officer and refused to return to the vehicle upon the officer's request); *Bomboy*, 2008-NMSC-029, ¶ 16 (recognizing that the *Garcia* seizure of the firearm was justified because there was a particularized showing of exigent circumstances). To the extent the State suggests that the driver's nervousness created exigent circumstances **[DS 2; MIO 10; RP 9]**, we hold that it was the judge's prerogative, as fact-finder, to both disagree with any assertion of nervousness, as well as to conclude that no exigencies were present. *See generally State v. Adame*, 2006-NMCA-100, ¶ 13, 140 N.M. 258, 142 P.3d 26 (recognizing that in ruling upon a motion to suppress, the trial court resolves conflicts in the evidence, chooses which inferences to draw, and weighs the evidence).

We reject the State's position that safety purposes justified the warrantless seizure of the firearm. **[DS 4]** In this respect, the State asserts that had Defendant and driver not been removed from the vehicle and the firearm secured, both would have had ready access to the gun. **[DS 4]** Until the officers could determine that the occupants of the vehicle could legally possess the firearm **[DS 5]**, the State maintains that the officers' minimal intrusion was justified by the need for officer safety **[DS 4; MIO 4-5]**, as well as to the safety to any others in the vicinity of the weapon. **[DS 5]** In essence, to ensure officer safety, the State advocates for a presumption of exigent

4

circumstances to justify any plain view seizure of a firearm in a lawfully stopped vehicle. To this end, the State advocates that a weapon in plain view during a traffic stop creates a reasonable suspicion that the vehicle's occupants are armed and dangerous, and thus is subject to seizure to ensure officer safety. **[MIO 7]** In support of its position, the State refers to federal authority for the proposition that officers who observe a firearm in plain view during an investigatory detention may disarm the suspect for the duration of the stop. **[MIO 14]**

As acknowledged by the State, however, New Mexico has rejected such an approach. *See generally State v. Weidner*, 2007-NMCA-063, 141 N.M. 582, 158 P.3d 1025 (recognizing that New Mexico has rejected the federal automobile exception which allows a warrantless seizure of an object in a vehicle without having to make a particularized showing of exigent circumstances). Instead, our Supreme Court case law dictates that even when a firearm is in plain view, officers may not enter a vehicle and seize the firearm without a warrant, absent exigent circumstances or some other exception to the warrant requirement. *See Garcia*, 2005-NMSC-017, ¶ 31 (stating that "[a]n individual in a car with a weapon, by itself, does not create exigent circumstances."). As further acknowledged by the State **[MIO 11]**, *Garcia* is binding precedent. *See Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973) (holding that the Court of Appeals is bound by Supreme Court precedent). While the

5

State requests this Court "to certify the matter to the Supreme Court to reassess the operative language in *Garcia*," we decline to dispense with the normal appellate process. *Cf. State v. Trevino*, 113 N.M. 804, 806, 833 P.2d 1170, 1172 (Ct. App. 1991) (certifying a matter to the Supreme Court because of concern that *Alexander v. Delgado* compels a decision by this Court with which the Supreme Court ultimately might not agree and because resolution of a part of the issue may involve a choice between what appears to be conflicting decisions by the Supreme Court).

Lastly, although Defendant was a felon and therefore prohibited from possessing a firearm **[DS 5]**, *see* NMSA 1978, § 30-7-16(A) (2001), officers did not know of Defendant's felon status until after the seizure. **[RP 81]** In such instance, Defendant's felon status can not be used to justify the seizure of the firearm. *Cf. Bomboy*, 2008-NMSC-029, ¶ 17 (recognizing that "if following a lawful stop on a roadway, an item in an automobile is in plain view *and the officer has probable cause to believe the item is evidence of a crime*, the officer may seize the item," as such action is consistent with the exigent circumstances exception to the warrant requirement) (emphasis added); *State v. Rowell*, 2008-NMSC-041, ¶¶ 33-34, 144 N.M. 371, 188 P.3d 95 (holding that the exigencies of the circumstances justified the warrantless weapons search of the defendant's vehicle when the handcuffed and arrested defendant told the officer that there was a shotgun in the vehicle on school

grounds, a felony offense, and "the deadly contents of [the] [d]efendant's car remained accessible to students and others until the officer took prompt steps to secure the weapons").

**Conclusion**

Based on the foregoing discussion, we affirm.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**LINDA M. VANZI, Judge**

_____
**TIMOTHY L. GARCIA, Judge**