HANISEE, Judge (dissenting).
{42} When a defendant is legally arrested-as is the case when an NCIC search undertaken by law enforcement officers reveals the existence of an outstanding felony arrest warrant-our precedent uniformly, plainly and consistently permits a contemporaneous search incident to arrest. It matters not that supplemental confirmation of the warrant's accuracy by APD dispatch was ongoing when Defendant was handcuffed, searched, and seated upon a curb during the remainder of the officers' on-scene investigation. Stated more simply, a legal arrest commands the constitutionality of a search incident thereto. As such, the methamphetamine found in the pill container, attached to Defendant's belt, is admissible against him at trial. Also, I would hold Defendant's constitutional rights not to have been violated when he was asked, without being first notified of his right to remain silent, whether he possessed anything on his person that officers "should know about" because such an inquiry is justified by the limited Miranda -excepted need to secure officer safety. Therefore, Defendant's ensuing statement notifying officers of the presence of the methamphetamine on his person is also admissible against him. I respectfully dissent.
{43} First, we have held that outstanding arrest warrants permit arrests. See State v. Grijalva , 1973-NMCA-061, ¶ 12, 85 N.M. 127, 509 P.2d 894 (holding that possession of an arrest warrant is not essential to the legality of an arrest based thereon when the validity of the arrest warrant is not challenged). Despite the Majority's characterization of the warrant at issue to be a "possible active felony arrest warrant[,]" Majority Op. ¶ 5, our appellate courts have never held-nor should either hold-that arrest upon an NCIC-reported felony arrest warrant may only follow some secondary confirmation that the warrant is accurate or remains active. While ensuring the accuracy of known arrest warrants is laudable, it is not a constitutional mandate. I would make plain today that the *725 initial discovery of an outstanding felony arrest warrant by use of a nationally-relied-upon database permitted Defendant's arrest.
{44} Next, searches incident to arrests are as entrenched as any exception to the otherwise applicable warrant requirement that serves generally, but not always, as the constitutional prequel to police looking for things in private places such as pill boxes attached to belt loops. State v. Paananen , 2015-NMSC-031, ¶ 29, 357 P.3d 958 ("One of the most firmly established exceptions to the warrant requirement is the right on the part of the government, always recognized under English and American law, to search the person of the accused when legally arrested." (internal quotation marks and citation omitted) ); State v. Weidner , 2007-NMCA-063, ¶ 23, 141 N.M. 582, 158 P.3d 1025 (stating that the search incident to arrest exception requires the state to prove "that the search occurs as a contemporaneous incident to the lawful arrest of the defendant and is confined to the area within the defendant's immediate control" (internal quotation marks and citation omitted) ). Coupled with Defendant's legal arrest, the accompanying search of his person and pockets corrects the Majority's conclusion that the methamphetamine Defendant possessed cannot be used against him at trial.
{45} The more constitutionally intriguing issue, one I suggest our Supreme Court take up, is the propriety of the un-Mirandized question asked of Defendant just before the constitutionally compliant search incident to his arrest. While the Majority's disallowance of the wording employed by the arresting officer finds some support in other jurisdictions, see Majority Op. ¶¶ 20, 27-28, I would hold differently. Quarles held that "the need for answers to questions in a situation posing a threat to the public safety outweighs the need for the prophylactic rule protecting the Fifth Amendment's privilege against self-incrimination." 467 U.S. at 657, 104 S.Ct. 2626. In appropriate circumstances, Quarles has been interpreted to allow questions such as that asked here. See United States v. Newsome , 475 F.3d 1221, 1225 (11th Cir. 2007) (finding no problem with the officer's broadly phrased question, "Is there anything or anyone in the room that I should know about?" (internal quotation marks omitted) ); United States v. Luker , 395 F.3d 830, 832 (8th Cir. 2005) (upholding the propriety of an officer's question regarding the presence of anything in a defendant's vehicle "that shouldn't be there or that [officers] should know about"); United States v. Gorrell , 360 F.Supp.2d 48, 53 (D.D.C. 2004) (upholding constitutionality of officer question, asked when placing the defendant under arrest, regarding whether there was anything "she should know about[?]"). It is my view that here, given that officers had received a report and confirmed the possibility that Defendant and a person with him were engaged in criminal activity, and had learned from NCIC of the existing felony arrest warrant for Defendant, that the question asked of Defendant was constitutionally proper. I also note the question was asked in conjunction with the searching officer donning gloves as one precaution against the possibility of sharp objects such as needles. It seems to me that the instant circumstance fits neatly within the exception to the Miranda requirement drawn by Quarles and applied by the cases interpreting it. As such, Defendant's responsive statement, like the methamphetamine found in the search itself, is admissible against him at trial.
{46} The Majority's holding fails to reiterate the well-established constitutional propriety of the straightforward search incident to arrest that resulted in the seizure of methamphetamine from Defendant. More regrettably, it unnecessarily reduces the day-to-day safety of law enforcement officers by disallowing one simple, safety-geared inquiry of defendants that are possibly armed, possibly in possession of hazardous paraphernalia associated with drug use, or that otherwise may pose some unknown yet avoidable threat to officers. I view Quarles to permit officers to seek such limited assurance without first providing Miranda warnings. I would affirm the district court's denial of Defendant's motion to suppress.