# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: <u>July 14, 2016</u>

**NO. 34,033**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**DAVID HOWL,**

      Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Drew D. Tatum, District Judge**


Hector H. Balderas, Attorney General
Santa Fe, NM
Elizabeth Ashton, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kimberly Chavez Cook, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**WECHSLER, Judge.**

{1}     Defendant David Howl was convicted in a jury trial of possession of a controlled substance, contrary to NMSA 1978, Section 30-31-23 (2011); possession of drug paraphernalia, contrary to NMSA 1978, Section 30-31-25.1(A)(2001); failure to maintain traffic lane, contrary to NMSA 1978, Section 66-7-317 (1978); and no proof of insurance, contrary to NMSA 1978, Section 66-5-229(C) (1998).

{2}     Defendant argues on appeal that (1) insufficient evidence supported his convictions for possession of a controlled substance and possession of drug paraphernalia, (2) the district court's exclusion of certain testimony violated his constitutional right to present a defense, (3) evidence was improperly admitted, and (4) ineffective assistance of counsel prejudiced his defense. In its answer brief, the State argues that Defendant's failure to make a prima facie case of ineffective assistance of counsel requires that Defendant request relief in a habeas corpus proceeding.

{3}     Defendant has made a prima facie case of ineffective assistance of counsel based upon his trial counsel's failure to move to suppress inculpatory evidence. Therefore, we remand for a hearing on Defendant's ineffective assistance of counsel claim and any further proceedings necessitated by the district court's determination

on that issue. Because Defendant has made a prima facie case of ineffective assistance of counsel, we decline to accept the State's habeas corpus argument. In the interest of judicial economy, we also conclude that, should the result of Defendant's ineffective assistance of counsel hearing be unfavorable to him, (1) sufficient evidence supports Defendant's convictions for possession of a controlled substance and possession of drug paraphernalia and (2) neither of Defendant's evidentiary arguments requires reversal.

{4}     Defendant further argues that a clerical error in the district court's amended judgment, sentence, and order determining habitual offender status (sentencing order) resulted in exposure to a longer sentence than that imposed at Defendant's sentencing hearing. We disagree and deny Defendant's request for resentencing.

**BACKGROUND**

{5}     At approximately midnight on February 3, 2012, Defendant was driving his pickup truck east on 14th Street in Clovis, New Mexico. He was accompanied by a female passenger. At the same time, New Mexico State Police Officer Noe Alvarado was on patrol in Clovis and observed Defendant's vehicle cross the center line near the intersection of 14th Street and Hinkle Street. Officer Alvarado initiated a traffic stop and requested that Defendant provide his driver's license and vehicle information. When Defendant only produced his driver's license, Officer Alvarado

requested that Defendant step out of the vehicle. Officer Alvarado and Defendant walked to the front of the patrol vehicle. Officer Alvarado conducted a warrant check, which came back negative. Officer Alvarado then walked back to Defendant's vehicle and requested that the passenger look for the insurance and registration documents for the vehicle. The passenger complied by opening the center console. When she did so, Officer Alvarado observed a glass pipe similar to those used to ingest methamphetamine. Officer Alvarado requested that the passenger exit the vehicle and, following a brief discussion, allowed her to depart. Officer Alvarado placed Defendant under arrest for possession of drug paraphernalia. Officer Alvarado then removed a pack of cigarettes from Defendant's shirt pocket. While handling the cigarettes, Officer Alvarado noticed a clear plastic bag containing a crystallized substance. Subsequent laboratory testing revealed that the substance was methamphetamine.

{6} Defendant's jury trial was conducted on March 27, 2014. Defendant's trial counsel did not file a motion to suppress the paraphernalia or drugs seized by Officer Alvarado or object to the admission of this evidence. Defendant's trial counsel instead moved for a directed verdict as to the possession of drug paraphernalia charge, arguing that the State failed to make a prima facie case that Defendant possessed the pipe. Defendant's trial counsel also argued that, because the discovery

3

of the methamphetamine resulted from a post-arrest search, the possession of a controlled substance charge should be dismissed. The district court denied these motions.

{7}     Against the advice of counsel, Defendant testified on his own behalf. In doing so, Defendant hoped to relay certain information to the jury including that (1) his passenger was in control of his cigarettes, soda, and cell phone while he was driving; (2) he submitted a clean urine sample at the Curry County Adult Detention Center after his arrest; and (3) he is physically unable to use the pipe at issue. Defendant's trial counsel initially declined to engage Defendant in these areas based upon her belief that doing so would subject Defendant to expansive questioning by the State. While in recess and outside the presence of the jury, a discussion took place during which the district court considered Defendant's ability, under the rules of evidence, to offer additional testimony on the three topics. The district court allowed Defendant to resume his testimony but refused to allow Defendant to discuss his urinalysis results, stating, "I won't allow anything about . . . what prior convictions you've had[.]"

{8}     Defendant was convicted of all charges. This appeal resulted.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

{9} A criminal defendant's right to effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution. *State v. Mosley*, 2014-NMCA-094, ¶ 18, 335 P.3d 244. Defendant argues that his trial counsel's failure to move to suppress the pipe and methamphetamine on the grounds that Officer Alvarado conducted an illegal search constituted ineffective assistance of counsel. We review Defendant's claim of ineffective assistance of counsel de novo. *State v. Dylan J.*, 2009-NMCA-027, ¶ 33, 145 N.M. 719, 204 P.3d 44.

{10} A defendant is entitled to an evidentiary hearing on his or her ineffective assistance claim "only when the record on appeal establishes a prima facie case of ineffective assistance of counsel." *State v. Herrera*, 2001-NMCA-073, ¶ 35, 131 N.M. 22, 33 P.3d 22. A defendant makes a prima facie case of ineffective assistance of counsel by showing "(1) that defense counsel's performance fell below the standard of a reasonably competent attorney, and (2) that due to the deficient performance, the defense was prejudiced." *Mosley*, 2014-NMCA-094, ¶ 19 (alteration, internal quotation marks, and citation omitted). We refer to the prongs of this test as "the reasonableness prong and the prejudice prong." *Patterson v. LeMaster*, 2001-NMSC-013, ¶ 17, 130 N.M. 179, 21 P.3d 1032.

5

**The Reasonableness Prong**

{11}    When a defendant's ineffective assistance of counsel claim is based upon trial counsel's failure to move to suppress evidence, he or she "must establish that the facts support the motion to suppress and that a reasonably competent attorney could not have decided that such a motion was unwarranted." *Mosley*, 2014-NMCA-094, ¶ 20 (internal quotation marks and citation omitted).

{12}    Defendant argues that, once Officer Alvarado removed him from the vehicle, additional efforts to locate the insurance and registration documents within the vehicle constituted an illegal search. This legal argument requires analysis under our search and seizure jurisprudence.

{13}    As discussed above, after initiating a traffic stop, Officer Alvarado requested that Defendant provide his driver's license, registration, and proof of insurance. When Defendant only provided his driver's licence, Officer Alvarado requested that Defendant exit the vehicle. After several minutes, Officer Alvarado returned to Defendant's vehicle and requested that the passenger look for the insurance and registration documents for the vehicle. The passenger then opened the center console, revealing the methamphetamine pipe inside. Defendant was not under arrest at the time when Officer Alvarado returned to Defendant's vehicle.

{14} The State argues on appeal that Officer Alvarado's conduct did not constitute a search because drivers do not have a reasonable expectation of privacy in insurance and registration documents. *See State v. Reynolds*, 1995-NMSC-008, ¶ 12, 119 N.M. 383, 890 P.2d 1315 ("[I]ndividuals have no legitimate subjective expectation of privacy in their license, registration, or insurance documents when they are operating a motor vehicle and an officer requests to see such documents."). The State's argument expands *Reynolds* beyond its intended meaning in that, regardless of a law enforcement officer's right to *request* insurance and registration documents, the owner of a vehicle has a reasonable expectation of privacy within the interior of the vehicle. *See New York v. Class*, 475 U.S. 106, 114-15 (1986) ("[A] car's interior as a whole is nonetheless subject to Fourth Amendment protection from unreasonable intrusions by the police."); *State v. Van Dang*, 2005-NMSC-033, ¶ 7, 138 N.M. 408, 120 P.3d 830 ("Generally, one who owns, controls, or lawfully possesses property has a legitimate expectation of privacy."). Given this reasonable expectation of privacy, Defendant's failure to produce the insurance and registration documents for the vehicle did not entitle Officer Alvarado to search the closed center console of the vehicle for such paperwork without a warrant.

{15} In *State v. Rowell*, our Supreme Court reaffirmed New Mexico's general rule that, "absent a valid exception to the warrant requirement . . . a warrant is required for

7

a search of an automobile under Article II, Section 10 of the New Mexico Constitution." 2008-NMSC-041, ¶ 1, 144 N.M. 371, 188 P.3d 95. These exceptions include searches incident to arrest, exigent circumstances, hot pursuit, consent, inventory searches, open field, and plain view. *State v. Weidner*, 2007-NMCA-063, ¶ 6, 141 N.M. 582, 158 P.3d 1025. The term "exigent circumstances" is defined as "an emergency situation requiring swift action to prevent imminent danger to life or serious damage to property, or to forestall the imminent escape of a suspect or destruction of evidence." *Id.* (internal quotation marks and citation omitted). Applying the facts of the case, it is clear that exceptions for search incident to arrest, hot pursuit, consent, inventory searches, and open field are inapplicable.

{16}    The State argues that exigent circumstances justified Officer Alvarado's seizure of the pipe once it came into plain view. *See Rowell*, 2008-NMSC-041, ¶ 29 (affirming "the notion that the Constitution [does not] prohibit[] the officer from choosing to secure the evidence immediately, given the realistic danger that someone might remove the car or the drug evidence in the interim"). This result does not logically follow from the facts before us.

{17}    In *Rowell*, an officer conducted a traffic stop for speeding in a high school parking lot. *Id.* ¶ 2. While interacting with the defendant, the officer observed a bag of marijuana inside the defendant's shirt pocket. *Id.* The officer reached into the

8

vehicle, removed the marijuana, and placed the defendant under arrest. *Id.* On direct appeal, this Court held that the officer's seizure of the marijuana was justified by exigent circumstances given that "the marijuana was in plain view and . . . [i]t was objectively clear that [the d]efendant could drive away with the marijuana." *State v. Rowell*, 2007-NMCA-075, ¶ 10, 141 N.M. 783, 161 P.3d 280, *overruled on other grounds by Rowell*, 2008-NMSC-041, ¶ 36. The distinguishing feature of *Rowell*, however, is that the marijuana that triggered both the seizure and the defendant's arrest was in plain view during the traffic stop.

{18} In this case, the contraband was not in plain view until Officer Alvarado requested that the passenger open the center console and look for the insurance and registration documents for the vehicle. The plain view doctrine does not justify a seizure of contraband if the item at issue came into plain view only after an illegal search. *See State v. Warsaw*, 1998-NMCA-044, ¶ 20, 125 N.M. 8, 956 P.2d 139 ("The plain view doctrine refers to a seizure of evidence discovered during an intrusion that has a prior justification.").

{19} Nothing in the evidence indicates that Officer Alvarado believed that Defendant's passenger had authority to consent to a search of the vehicle. *See State v. Cline*, 1998-NMCA-154, ¶ 17, 126 N.M. 77, 966 P.2d 785 (holding that actual authority to consent to a search must be given by "someone who is clothed with

9

common authority or possesses some other sufficient relationship concerning the premises in question" (internal quotation marks and citation omitted)); *see also State v. Celusniak*, 2004-NMCA-070, ¶ 20, 135 N.M. 728, 93 P.3d 10 ("Under the New Mexico Constitution, there is no doctrine of 'apparent authority' that allows a person without actual authority to consent to the search of personal or real property."). As such, Officer Alvarado's request that the passenger do so constituted a warrantless search. *See United States v. Poe*, 556 F.3d 1113, 1123 (10th Cir. 2009) ("[I]n some cases a search by a private citizen may be transformed into a governmental search implicating the Fourth Amendment if the government coerces, dominates or directs the actions of a private person conducting the search or seizure." (internal quotation marks and citation omitted)). Because no warrant exception justified the search, the evidence recovered was subject to suppression at trial.

{20} After recovering the methamphetamine pipe, Officer Alvarado placed Defendant under arrest. Officer Alvarado then discovered the methamphetamine located in Defendant's pack of cigarettes pursuant to a search incident to arrest. Accepting the above analysis as valid, the "fruit of the poisonous tree" doctrine would subject this evidence to suppression at trial. *See State v. Monteleone*, 2005-NMCA-129, ¶ 16, 138 N.M. 544, 123 P.3d 777 ("The fruit of the poisonous tree doctrine bars

the admission of legally obtained evidence derived from past police illegalities." (alteration, internal quotation marks, and citation omitted)).

{21} At the close of the State's case, Defendant's trial counsel moved for directed verdicts on Defendant's possession of a controlled substance and possession of drug paraphernalia charges. Defendant's trial counsel argued generally that the case presents "a set of facts that does not lend itself to allow all of these charges to go in front of the jury[,]" and specifically that "if [the passenger] had not opened that console, we would not be here today, because that pipe wouldn't have been discovered." In the same vein, Defendant's trial counsel subsequently argued that "but for then, the discovery of that pipe, [Defendant] would not have been placed under arrest. And but for then, the discovery of that pipe, and [Defendant's] subsequent arrest, then this other item that we have before us . . . would not be in evidence in this case. There would be no case. We would not be here[.]" Given these arguments, the directed verdict motions made on Defendant's behalf appear to be nothing more than belated efforts to suppress the evidence against Defendant. As justification for her decision not to move to suppress the evidence against Defendant, Defendant's trial counsel stated "This is a situation where you don't know exactly what the testimony is going to be, and you don't know what the evidence is going to show, or the weight of it, until you actually hear the testimony at trial." We are

11

unconvinced. *See* Rule 5-503(C) NMRA (providing for "discovery regarding any matter, not privileged, which is relevant to the offense charged" in criminal cases).

{22}    A motion to suppress and a motion for a directed verdict are not functionally equivalent. *Compare* Rule 5-212(B) NMRA ("A person aggrieved by a confession, admission or other evidence may move to suppress such evidence."), *with* Rule 5-607(K) NMRA ("[O]ut of the presence of the jury, the court shall determine the sufficiency of the evidence, whether or not a motion for directed verdict is made[.]"). A directed verdict is appropriate if there is no legally sufficient evidentiary basis for a reasonable jury to rule in favor of the non-moving party. *See State v. Baca*, 2015-NMSC-021, ¶ 31, 352 P.3d 1151 ("A directed verdict, technically appropriate only in cases tried by a jury, requires a court to decide at the conclusion of the state's case whether the direct or circumstantial evidence admitted at trial, together with all reasonable inferences to be drawn therefrom, will sustain a finding of guilt beyond a reasonable doubt." (internal quotation marks and citation omitted)). Because Defendant's trial counsel failed to move to suppress, or even to object to the admission of, the evidence against Defendant, the admitted evidence weighs against Defendant's motion for a directed verdict. Defendant was charged with possession of drug paraphernalia and possession of methamphetamine. The admitted evidence included a methamphetamine pipe recovered from Defendant's vehicle and

methamphetamine recovered from Defendant's person. This evidence is sufficient to overcome motions for directed verdicts as to either charge. *See id.* (discussing considerations in granting or denying a motion for a directed verdict).

{23} We thus believe that a reasonably competent attorney would have moved to suppress the evidence against Defendant under established principles of our search and seizure jurisprudence. *See Rowell*, 2008-NMSC-041, ¶ 1 (holding that, absent a valid exception, a warrant is required to search an automobile). A motion for a directed verdict was not a strategically viable mechanism under the circumstances, and we can discern no rationally-based reason that Defendant's trial counsel would forgo an effort to suppress the evidence at issue. Defendant has thus satisfied the reasonableness prong of our ineffective assistance of counsel analysis.

**The Prejudice Prong**

{24} The State does not contest the prejudicial effect of the admitted evidence on appeal. *See State v. Garnenez*, 2015-NMCA-022, ¶ 15, 344 P.3d 1054 ("We will not address arguments on appeal that were not raised in the [briefing] and have not been properly developed for review."). In the absence of argument to the contrary, we note that a trial counsel's failure to offer a meritorious motion to suppress key evidence may cause prejudice to the defendant. *Mosley*, 2014-NMCA-094, ¶ 30. In cases involving a jury finding of guilt, we consider whether "trial counsel's unreasonable

performance calls into doubt the reliability of the trial results." *Patterson*, 2001-NMSC-013, ¶ 18 (internal quotation marks and citation omitted).

{25} Defendant's convictions are inextricably linked to the admission of the paraphernalia and methamphetamine into evidence. Had this evidence been suppressed, a legitimate question would exist as to whether the State could have proven the charges against Defendant beyond a reasonable doubt. *See State v. Munoz*, 1998-NMSC-041, ¶ 9, 126 N.M. 371, 970 P.2d 143 ("In a criminal prosecution the [s]tate has the burden of proving each element of the offense charged beyond a reasonable doubt." (internal quotation marks and citation omitted)); *State v. Gutierrez*, 2005-NMCA-015, ¶ 23, 136 N.M. 779, 105 P.3d 332 ("The remedy for the illegal search is suppressing all the fruits of the search, including the testimony concerning its discovery."). Defendant has thus satisfied the prejudice prong of our ineffective assistance of counsel analysis.

**Habeas Corpus Proceeding**

{26} The State, quoting *Herrera*, argues that the proper mechanism for Defendant to pursue his ineffective assistance of counsel claim is through habeas corpus proceedings. 2001-NMCA-073, ¶ 37 ("When the record on appeal does not establish a prima facie case of ineffective assistance of counsel, this Court has expressed its preference for resolution of the issue in habeas corpus proceedings over remand for

14

an evidentiary hearing."). The purpose of habeas corpus proceedings is "to protect a person from being erroneously deprived of his or her rights." *Campos v. Bravo*, 2007-NMSC-021, ¶ 5, 141 N.M. 801, 161 P.3d 846. However, when, as here, the record is sufficient to establish a prima facie case of ineffective assistance of counsel, the appropriate remedy is a remand to the district court for an evidentiary hearing on the defendant's claim. *See, e.g.*, *Mosley*, 2014-NMCA-094, ¶ 2 (holding that the defendant made a prima facie case of ineffective assistance of counsel and remanding for additional proceedings).

**ADDITIONAL ISSUES**

{27} As noted above, our analyses of Defendant's arguments related to the sufficiency of the evidence and evidentiary rulings are applicable only upon a determination by the district court that Defendant did not, as a matter of law, receive ineffective assistance in this matter.

**Sufficiency of the Evidence**

{28} Defendant argues that the State failed to prove possession of a controlled substance or drug paraphernalia as required under Section 30-31-23 and Section 30-31-25.1 respectively. Defendant's argument lacks legal support given the facts of his case.

{29} In reviewing the sufficiency of the evidence to support a conviction, our appellate courts "must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. Our analysis on appeal considers all the evidence admitted by the district court. *State v. Post*, 1989-NMCA-090, ¶ 22, 109 N.M. 177, 783 P.2d 487.

{30} Defendant was subject to conviction under Section 30-31-23 upon proof beyond a reasonable doubt that (1) Defendant possessed methamphetamine and (2) Defendant knew the substance was methamphetamine. UJI 14-3102 NMRA. Officer Alvarado discovered methamphetamine in a pack of cigarettes removed from Defendant's shirt pocket. Defendant testified that, just prior to exiting the vehicle, his passenger handed him the pack of cigarettes, which he accepted without inspection. While Defendant's testimony could support an acquittal, it "does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

{31} Defendant was subject to conviction under Section 30-31-25.1(A) upon proof beyond a reasonable doubt that (1) Defendant possessed a pipe and (2) the pipe was used, or intended to be used, to ingest methamphetamine. *See State v. Lopez*, 2009-NMCA-127, ¶ 33, 147 N.M. 364, 223 P.3d 361 (describing the elements associated

16

with the crime of possession of drug paraphernalia). Constructive possession is sufficient to support a conviction. *See State v. Phillips*, 2000-NMCA-028, ¶ 8, 128 N.M. 777, 999 P.2d 421 ("Constructive possession exists when the accused has knowledge of drugs or paraphernalia and exercises control over them."). However, "the mere presence of the contraband is not enough to support an inference of constructive possession" if the accused did not have exclusive control over the area searched. *Id.* When exclusive control is at issue, additional circumstances, including the conduct of the accused, are required. *Id.* Officer Alvarado removed Defendant from the vehicle but allowed his passenger to remain. Under these circumstances, Defendant did not have exclusive control over the area where the paraphernalia was discovered. Nevertheless, Defendant was the owner of the vehicle and methamphetamine was discovered on his person. *See State v. Lopez*, 2009-NMCA-044, ¶ 27, 146 N.M. 98, 206 P.3d 1003 (holding that ownership of a vehicle can provide a link between the owner and contraband discovered within); *State v. Garcia*, 2005-NMSC-017, ¶¶ 15-22, 138 N.M. 1, 116 P.3d 72 (holding that constructive possession of a firearm discovered in a vehicle was established when the defendant was sitting on an ammunition clip that fit the firearm). From these two additional circumstances, a reasonable jury could infer that Defendant had knowledge of and

17

control over the drug paraphernalia discovered in his vehicle. Sufficient evidence supports Defendant's convictions under Section 30-31-23 and Section 30-31-25.1(A).

**Defendant's Evidentiary Arguments**

**A.     Exclusion of Defendant's Proposed Testimony**

{32}     Defendant alleges that, in accordance with the terms of his probation, he submitted a urine sample after his arrival at the Curry County Adult Detention Center. Defendant further alleges that this sample was negative for controlled substances. On appeal, Defendant argues that testimony related to his negative urinalysis results could create a reasonable doubt as to his possession of drugs or drug paraphernalia and that the district court's exclusion of this testimony violated his constitutional right to present a defense. *See March v. State*, 1987-NMSC-020, ¶ 11, 105 N.M. 453, 734 P.2d 231 (holding that a defendant's right to a fair trial includes the right to prepare and present a defense). It appears that the district court's ruling was predicated upon its application of Rule 11-404(B)(1) NMRA. We do not discuss the appropriateness of this ruling. Rather, we uphold the district court's ruling if it is right for any reason. *See State v. Vargas*, 2008-NMSC-019, ¶ 8, 143 N.M. 692, 181 P.3d 684 ("Under the right for any reason doctrine, we may affirm the district court's order on grounds not relied upon by the district court if those grounds do not require us to

look beyond the factual allegations that were raised and considered below." (internal quotation marks and citation omitted)).

{33} The State argues that the "right for any reason" doctrine applies because Defendant's proposed testimony related to his urinalysis results is subject to the rule against hearsay. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Rule 11-801(C) NMRA. "An out-of-court statement is inadmissible unless it is specifically excluded as non-hearsay under Rule 11-801(D) or falls within a recognized exception in the rules of evidence, or is otherwise made admissible by rule or statute." *State v. McClaugherty*, 2003-NMSC-006, ¶ 17, 133 N.M. 459, 64 P.3d 486 (citation omitted), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110. The State asserts that Defendant's proposed testimony violated the rule against hearsay because (1) Defendant's awareness of his test results originated with an out-of-court statement and (2) the statement was intended to prove the truth of the matter asserted—that he tested negative for controlled substances following his arrest.

{34} In his reply brief, Defendant does not argue that any hearsay exception permits the admission of his proposed testimony. *See* Rule 11-803 NMRA (describing types of statements that are exceptions to the rule against hearsay). Nor does Defendant argue that his proposed testimony constitutes non-hearsay. *See* Rule 11-801(D)

19

(describing types of statements that are not hearsay). Instead, Defendant argues that our application of the "right for any reason" doctrine would be unfair because the district court's determination foreclosed all opportunity for Defendant to properly introduce his urinalysis results. *See Meiboom v. Watson*, 2000-NMSC-004, ¶ 20, 128 N.M. 536, 994 P.2d 1154 ("This Court may affirm a district court ruling on a ground not relied upon by the district court, but will not do so if reliance on the new ground would be unfair to appellant." (alteration, internal quotation marks, and citation omitted)). Defendant's right to prepare and present a defense is nevertheless limited by the rules of evidence. *See State v. Rosales*, 2004-NMSC-022, ¶ 7, 136 N.M. 25, 94 P.3d 768 ("[A] defendant's interest in presenting evidence may at times bow to accommodate other legitimate interests in the criminal trial process. Specifically, state rules of evidence do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve." (internal quotation marks and citations omitted)).

{35}     During the discussion that resulted in the district court's exclusion of Defendant's proposed testimony, Defendant made several statements to the effect that the jury *needed to hear* about his urinalysis results.[1] No mention was made of any

---

[1]Statements by Defendant that both indicate his intention to orally testify about his urinalysis and support a hearsay analysis by this Court include: (1) "I wasn't allowed to testify your honor. . . . I wasn't allowed to say the facts[.]"; (2) "I have

20

supporting documents or witnesses through which to admit Defendant's proposed testimony in a manner consistent with the rules of evidence. Given that the record clearly indicates Defendant's intention to *orally testify* that (1) he underwent urinalysis after his arrest and (2) the results were negative for controlled substances, our application of a hearsay analysis is not unfair to Defendant. We therefore uphold the district court's exclusion of Defendant's proposed testimony under Rule 11-801(C).

**B.      Improper Admission of Laboratory Results**

{36}      Defendant also argues on appeal that the district court improperly admitted laboratory results at trial. But Defendant failed to object to this admission at trial, and he does not argue fundamental error on appeal. "In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." *State v. Walters*, 2007-NMSC-050, ¶ 18, 142 N.M. 644, 168 P.3d 1068 (internal quotation marks and citation omitted). In the absence of preservation, we decline to address Defendant's argument on appeal. *See Wolfley v. Real Estate Comm'n*, 1983-

some facts I need to disclose in the open court and I want the jury to hear[.]"; and (3) "The clean urinalysis, I want the jury to hear[.]"

21

NMSC-064, ¶ 5, 100 N.M. 187, 668 P.2d 303 ("[O]bjections will not be considered when raised for the first time on appeal.").

**JUDGMENT AND SENTENCING**

{37}     At his June 24, 2014 sentencing hearing, Defendant was sentenced to six and one-half years incarceration, with the final two and one-half years suspended. This sentence was formalized in the district court's sentencing order, which was entered on August 5, 2014 and provided, in pertinent part,

> IT IS THEREFORE ORDERED that the defendant be committed to the Department of Corrections for a term of five and one half (5 1/2) years, such term includes a four (4) year enhancement pursuant to the Habitual Offender Act as to Count [One] and three hundred and sixty-four (364) days as to Count [Two]. Further Count [Two] shall run CONSECUTIVE to Count [One].

Defendant argues on appeal that the district court's sentencing order caused the four-year enhancement to be served consecutively to the one-year sentence for Count Two, causing exposure to additional incarceration not imposed by the district court. This argument is inconsistent with our reading of the sentencing order.

{38}     In chronological order, the district court's sentencing order (1) sentenced Defendant to one and one-half years for Count One, (2) attached a four year enhancement to Count One, and (3) sentenced Defendant to one year for Count Two, to run consecutively to Count One. The sentencing order then suspended two and

22

one-half years incarceration in favor of two and one-half years of supervised probation. Defendant is subject to a total of four years incarceration. The sentencing order is not ambiguous and does not expose Defendant to unintended incarceration. Defendant's request for resentencing is denied.

**CONCLUSION**

{39}    We affirm the district court's rulings excluding evidence concerning Defendant's urinalysis after his arrest. We also affirm the admission of the laboratory results of testing performed on the substance seized from him. We conclude that there was sufficient evidence submitted to support his convictions. However, the admission of certain inculpatory evidence against Defendant is subject to the district court's consideration of Defendant's motion for dismissal or suppression based upon ineffective assistance of counsel prior to and at trial. If the district court determines that the State cannot overcome the prima facie finding of ineffectiveness detailed above, the district court shall vacate its sentence and dismiss the matter with prejudice.

{40}    **IT IS SO ORDERED.**

_____
                                **JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**M. MONICA ZAMORA, Judge**