This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38338**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.

**CLAYTON WHITEHEAD,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Meryl E. Francolini, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Defendant appeals his convictions for methamphetamine possession and evading arrest, arguing that (1) the district court erred by declining to admit evidence regarding part of his post-arrest statements under the rule of completeness; and (2) his conviction for methamphetamine possession is not supported by sufficient evidence. We affirm.

**DISCUSSION**

**I.    Defendant Has Not Established That the District Court Abused Its Discretion by Excluding Evidence Regarding Part of His Post-Arrest Statement**

**{2}**    Defendant argues that after the district court allowed the State to admit his post-arrest statement to police that he was a methamphetamine user and that he had used it the night before his arrest, the district court erred by refusing to admit evidence regarding another part of his statement, which Defendant contends was admissible under the rule of completeness. *See* Rule 11-106 NMRA ("If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time."). In the excluded part of his statement, Defendant claimed that he was not aware that he was in possession of methamphetamine that the police found in a tool pouch on his person, and Defendant suggested that the methamphetamine either belonged to someone else or was improperly planted by the arresting officers. Reasoning that Defendant's "follow-up statement" denying awareness of the methamphetamine was not "required to make sense of [Defendant's] statement that he used meth the day before," the district court concluded that the rule of completeness did not apply and excluded the evidence on the ground that it was inadmissible hearsay. *See generally* Rules 11-801(C), -802 NMRA. We review the district court's exclusion of evidence for an abuse of discretion. *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72.

**{3}**    Defendant has not persuaded us that the district court abused its discretion in excluding the remainder of his statement on the ground that it was inadmissible hearsay.[1] Insofar as Defendant's theory of admissibility under the rule of completeness is that the remainder was *not* hearsay because it was offered to shed light on his admission, rather than to prove the truth of the assertions made in the remainder, we see no abuse of discretion in the district court's conclusion that the remainder did not qualify or explain his admission or place it into context. *See generally State v. Barr*, 2009-NMSC-024, ¶¶ 34, 37, 146 N.M. 301, 210 P.3d 198 (explaining that the rule of completeness guards against the danger that considering a statement, writing, or a part of either in isolation will unfairly leave the trier of fact with a "misleading or deceptive impression"), *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37, 275 P.3d 110. And to the extent that Defendant is contending that the rule of completeness required that the remainder be admitted for its truth, he assumes the answer to a question of first impression in New Mexico about the relationship between the rule of completeness and the hearsay rules—a question that courts in other jurisdictions have not answered uniformly. *Compare United States v. Sutton*, 801 F.2d 1346, 1366, 1368 (D.C. Cir. 1986) (stating that the rule of completeness "can adequately fulfill its function only by permitting the admission of some otherwise inadmissible evidence when the court finds in fairness that the proffered evidence should be considered contemporaneously"), *with United States v. LeFevour*, 798 F.2d

---

[1]In the district court, defense counsel argued that the remainder was an excited utterance falling within an exception to the rule against hearsay as one basis for the remainder's admissibility. Defendant does not make that argument on appeal, and we therefore do not consider the issue.

977, 981 (7th Cir. 1986) (reasoning that "if otherwise inadmissible evidence is necessary to correct a misleading impression, then either it is admissible for this limited purpose by force of [Federal Rule of Evidence] 106 . . . or, if it is inadmissible (maybe because of privilege), the misleading evidence must be excluded too"), *and United States v. Adams*, 722 F.3d 788, 826 (6th Cir. 2013) (quoting precedent for the proposition that "exculpatory hearsay may not come in solely on the basis of completeness" (alteration, internal quotation marks, and citation omitted)). Because Defendant has not developed an adequate argument on this issue, reaching the merits would require us to develop an argument for him, which would waste judicial resources and, even more importantly, increase the risk of an erroneous result.[2] *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53.

## II. Sufficient Evidence Supports Defendant's Conviction for Methamphetamine Possession

**{4}** Defendant argues that the evidence does not suffice to support his conviction for possession of methamphetamine, arguing that there was not enough evidence that the methamphetamine in the tool pouch belonged to him, especially because he testified that the methamphetamine did not belong to him. Applying our usual standard of review, *see State v. Garcia*, 1992-NMSC-048, ¶ 27, 114 N.M. 269, 837 P.2d 862, we disagree. The jury could have rationally inferred that Defendant knowingly possessed the methamphetamine in accordance with the jury instructions based on evidence that the methamphetamine was found on his person, inside a tool pouch that Defendant admitted was in his possession, and that Defendant admitted that he was a methamphetamine user. Defendant testified to the contrary, but the jury was free to reject that testimony and return a guilty verdict based on the State's evidence. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829; *cf. State v. Howl*, 2016-NMCA-084, ¶ 30, 381 P.3d 684 (holding that sufficient evidence supported a conviction for methamphetamine possession where officer discovered methamphetamine "in a pack of cigarettes removed from [the d]efendant's shirt pocket[,]" even though the defendant testified that the passenger in his car handed him the pack of cigarettes, and that he accepted it without inspecting it).

## CONCLUSION

**{5}** We affirm.

**{6}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

---

2Defendant asserts that his constitutional rights were violated because he was unable to cross-examine the officer about his prior statement, but he does not adequately develop an argument in support of his assertion.

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**