This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39829**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**ROMAN VIVEROS,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Matthew E. Chandler, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Patrick J. Martinez, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Defendant appeals his convictions for possession with intent to distribute methamphetamine and heroin. [MIO 2] In our notice of proposed disposition, we proposed to affirm Defendant's convictions. [CN 1, 6] Defendant filed a memorandum in opposition that we have duly considered. Remaining unpersuaded, we affirm.

**{2}** In his memorandum in opposition, Defendant maintains that the evidence was insufficient to sustain his convictions. [MIO 2-3] To the extent that Defendant now argues that our decision in *State v. Becerra*, 1991-NMCA-090, ¶ 1, 112 N.M. 604, 817

P.2d 1246, requires reversal, we disagree. Defendant contends that the evidence he possessed the methamphetamine and heroin found in his trunk was insufficient as *Becerra* requires additional evidence of knowledge and control when a defendant does not have exclusive possession of the premises where the drugs were found. [MIO 7] Supporting this contention, Defendant points to testimony at trial indicating he had just purchased the vehicle where the drugs were found earlier that day, demonstrating that he did not have exclusive possession or control over the vehicle on the day of the incident. [MIO 7] *See id.* ¶ 14 ("[K]nowledge of the presence of drugs may be inferred where exclusive possession of the premises is shown[.]"); *see also State v. Howl*, 2016-NMCA-084, ¶ 31, 381 P.3d 684 (explaining that "[w]hen exclusive control is at issue, additional circumstances, including the conduct of the accused, are required" to establish constructive possession). Even if we were to conclude, however, that Defendant did not have exclusive control over the vehicle, other evidence at trial indicating that he owned the vehicle, was its sole occupant at the time of the stop, and had marijuana on his person and in his cup-holder is sufficient to allow a jury to conclude that Defendant constructively possessed the methamphetamine and heroin in his trunk. *See Howl*, 2016-NMCA-084, ¶ 31 (concluding that evidence establishing (1) the defendant was the owner of the vehicle, and (2) had drugs on his person was sufficient to support the jury's determination that the defendant possessed drug paraphernalia found elsewhere in the vehicle).

**{3}** Defendant also relies on *Becerra* to contend that the quantity of the drugs recovered was insufficient to support an inference that he intended to distribute methamphetamine or heroin. [MIO 8] *See Becerra*, 1991-NMCA-090, ¶ 22 (concluding that the evidence that the defendant possessed approximately fifty-six grams of cocaine by itself was insufficient to establish that the defendant had the intent to distribute that cocaine). In this case, however, there was ample evidence apart from the amounts of methamphetamine and heroin to support an inference of Defendant's intent to distribute, including the drugs' proximity to baggies, syringes, a scale, a scoop and a firearm, which were all found together in Defendant's trunk. [DS 3] Thus, Defendant's reliance on *Becerra* on this point is unpersuasive.

**{4}** Defendant has not asserted any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. We therefore refer Defendant to our analysis therein.

**{5}** For the reasons stated in our notice of proposed disposition and herein, we affirm Defendant's convictions.

**{6}** IT IS SO ORDERED.

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**JANE B. YOHALEM, Judge**