This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40025**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**BRANDI HERRERA,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** This matter was submitted to the Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** Defendant appeals from a judgment and sentence convicting her of possession with intent to distribute methamphetamine, possession of marijuana, and possession of drug paraphernalia. [RP 176-77] Defendant contends that the evidence was insufficient to support any of her three convictions. [BIC 3] "[A]ppellate courts review sufficiency of the evidence from a highly deferential standpoint." *State v. Slade*, 2014-NMCA-088, ¶ 13, 331 P.3d 930 (alteration, internal quotation marks, and citation omitted). "All evidence is viewed in the light most favorable to the state, and we resolve all conflicts and make all permissible inferences in favor of the jury's verdict." *Id.* (alterations, internal quotation marks, and citation omitted). "We examine each essential element of the crimes charged and the evidence at trial to ensure that a rational jury could have found the facts required for each element of the conviction beyond a reasonable doubt." *Id.* (internal quotation marks and citation omitted). "[A]ppellate courts do not search for inferences supporting a contrary verdict or re[]weigh the evidence because this type of analysis would substitute an appellate court's judgment for that of the jury." *Id.* (internal quotation marks and citation omitted). We look to the jury instructions to determine what the jury was required to find in order to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)).

**{3}** The jury instructions for possession with intent to distribute methamphetamine required the State to prove beyond a reasonable doubt that (1) "[D]efendant had methamphetamine in her possession"; (2) "[D]efendant knew it was methamphetamine or believed it to be methamphetamine or believed it to be some drug or other substance the possession of which is regulated or prohibited by law"; (3) "[D]efendant intended to transfer it to another"; and (4) "[t]his happened in New Mexico on or about the 11th day of December, 2019." [RP 143]

**{4}** According to Defendant's brief in chief the following material evidence was presented at trial. The officers testified that they received a tip that drug sales were occurring in the motel room occupied by Defendant and her boyfriend. [BIC 1] The officers conducted surveillance of the room and observed several people arrive on foot, stay less than a minute and then leave. [BIC 1] Based on the information they had, the officers secured a search warrant for the motel room, its contents, and both occupants. [BIC 2] The officers arrived at the motel to execute the search warrant and found Defendant's boyfriend in the motel lobby with $500 in cash, but with no drugs on his person. [BIC 2] The officers then entered the motel room, finding Defendant there along with four grams of methamphetamine, less than an ounce of marijuana, a pipe, a scale, baggies with torn corners, and other items of drug paraphernalia. [BIC 2] At some point, the officers detained Defendant and advised her of her *Miranda* rights. [BIC 2] Defendant then admitted to the officers that she was selling methamphetamine and that the drugs were in her purse. Photographs of Defendant's purse, a bag of methamphetamine, the pipe with methamphetamine residue, the scale, and the plastic baggies were all admitted at trial. [BIC 5] An officer likewise testified that he found a cell phone belonging to Defendant containing drug-related text messages. Another officer, who was qualified as an expert witness due to his training and experience, testified that

the collection of items and the amount of drugs found were consistent with drug trafficking. [BIC 6-7]

**{5}**     Viewing this evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we conclude that there was sufficient evidence to support the jury verdict beyond a reasonable doubt that Defendant possessed methamphetamine with intent to distribute. *See Slade*, 2014-NMCA-088, ¶ 13; *see also State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 (stating that "circumstantial evidence alone can amount to substantial evidence" and that "intent is subjective and is almost always inferred from other facts in the case" (alteration, omission, internal quotation marks, and citation omitted)). Moreover, although Defendant implies that the amount of cash found on her boyfriend indicates that he was the one actually trafficking the drugs, the jury was free to reject Defendant's version of the facts. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. Further, it was for the jury to resolve any conflicts and determine the weight and credibility of the testimony. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. We do not reweigh the evidence, and we may not substitute our judgment for that of the fact-finder, as long as there is sufficient evidence to support the verdict. *State v. Griffin*, 1993-NMSC-071, ¶ 17, 116 N.M. 689, 866 P.2d 1156.

**{6}**     To the extent that Defendant contends that she was not in exclusive possession of the methamphetamine and there was no evidence that she exercised control over it, we disagree. Though it is true that Defendant was sharing the hotel room with her boyfriend, the evidence that she admitted to possessing and selling methamphetamine and identified its location in her purse was sufficient to sustain her conviction. *See State v. Phillips*, 2000-NMCA-028, ¶ 8, 128 N.M. 777, 999 P.2d 421 ("When the accused does not have exclusive control over the premises where the drugs are found, the mere presence of the contraband is not enough to support an inference of constructive possession."); *State v. Howl*, 2016-NMCA-084, ¶ 31, 381 P.3d 684 (explaining that "[w]hen exclusive control is at issue, additional circumstances, including the conduct of the accused, are required" to establish constructive possession).

**{7}**     Defendant also challenges her conviction for possession of marijuana on sufficiency of the evidence grounds. The jury instructions for possession of marijuana required the State to prove beyond a reasonable doubt that (1) "[D]efendant had up to one-half ounce of marijuana in her possession"; (2) "[D]efendant knew it was marijuana"; and (3) "[t]his happened in New Mexico on or about the 11th day of December, 2019." [RP 144] As outlined above, at least one officer testified at trial that less than an ounce of marijuana was found in Defendant's motel room. Viewing the evidence in the light most favorable to the State, we conclude this evidence is sufficient to sustain Defendant's conviction for possession of marijuana. *See Slade*, 2014-NMCA-088, ¶ 13; *see also Salas*, 1999-NMCA-099, ¶ 13.

**{8}**     Finally, Defendant likewise argues that her conviction for possession of drug paraphernalia is not supported by sufficient evidence. The jury instructions for possession of marijuana required the State to prove beyond a reasonable doubt that (1)

"[D]efendant had a scale and/or baggies and/or a pipe in her possession"; (2) [D]efendant intended to use the scale and/or baggies and/or pipe to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, or inject, ingest, inhale or otherwise introduce into the human body a controlled substance"; and (3) [t]his happened in New Mexico on or about the 11th day of December, 2019." [RP 146]

{9}     As discussed above, the testimony and photographic evidence presented at trial established that officers found baggies, a scale, and a pipe with methamphetamine residue on it inside Defendant's motel room. [BIC 5] Additionally, expert testimony established that the items found were consistent with drug trafficking. [BIC 6-7] Viewing this evidence in the light most favorable to the State, we conclude that Defendant's conviction for possession of drug paraphernalia is supported by sufficient evidence. *See Slade*, 2014-NMCA-088, ¶ 13; *see also Rojo*, 1999-NMSC-001, ¶ 19.

{10}    For the foregoing reasons, we affirm Defendant's convictions.

{11}    IT IS SO ORDERED.

J. MILES HANISEE, Chief Judge

WE CONCUR:

MEGAN P. DUFFY, Judge

JANE B. YOHALEM, Judge